```
                                              RECEIVED CLERK'S OFFICE
    IN THE UNITED STATES DISTRICT COURT
    FOR THE DISTRICT OF SOUTH CAROLINA       2008 JAN 24  P 1: 28
```

| | |
|---|---|
| Charles O. Hall, #287791, ) | C. A. No. 2:07-0620-TLW-RSC DISTRICT COURT |
| ) | DISTRICT OF SOUTH CAROLINA |
| ) | CHARLESTON, SC |
| Petitioner, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Colie L. Rushton, Warden, ) | |
| McCI, ) | |
| ) | |
| Respondent. ) | |

This habeas corpus petition under 28 U.S.C. § 2254 brought by a state prisoner proceeding pro se is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion. 28 U.S.C. § 636(b).

## PROCEDURAL HISTORY

The petitioner, Charlie O. Hall, is currently incarcerated in McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to an order of commitment from the Clerk of Court of Darlington County. Petitioner was indicted in April 2002 for the murder of his wife, Annise Hall, and possession of a weapon during the commission of a crime of violence. (PCR App. p. 180; Indictment 02-GS-16-720). James C. Cox, Esquire, represented Petitioner on the charges. On October 7, 2002, pursuant to plea negotiations, Petitioner pled guilty to voluntary manslaughter and possession of a weapon during the commission of a crime of violence. A plea bargain was reached

1

with a negotiated sentence of thirty (30) years for voluntary manslaughter and a consecutive term of five (5) years for the weapons charge. (PCR App. p. 33, lines 5-15). The Honorable J. Michael Baxley heard and accepted the plea. The judge sentenced Petitioner, as negotiated, to thirty (30) years for voluntary manslaughter and a consecutive term of five (5) years for the weapons charge. (PCR App. p. 60, lines 4-14). Petitioner failed to perfect an appeal.

On October 20, 2003, Petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

> (a) Does the enactment of South Carolina Constitution Article I, § 11 and S.C. Code An.. § 17-13-50 (1994), as amended give the magistrate authorized to issue the warrant exclusive jurisdiction over the Warrant;
>
> (b) Was the Applicant denied his Sixth Amendment right of the effective assistance of Trial Counsel.

(2003 PCR Application, attachments).

By separate attachment, Petitioner also raised the following claims:

> (a) The Court of General Sessions lacked jurisdiction to impose sentence;
>
> (b) Unconstitutionality of Truth in Sentencing Law; (2003 PCR Application, attachments).

(2003 PCR Application, attachments).

2

The state made its return on March 5, 2004, and moved to dismiss the action for failure to timely file under the state statute of limitations, or alternatively, under laches. (PCR App. pp. 66-71). Michael G. Nettles, Esquire, represented Petitioner in the action. A hearing on the state's motion was held July 20, 2004, before the Honorable James E. Lockemy. The judge denied the state's motion and held an evidentiary hearing on the merits. (PCR App. p. 93, line 10 - p. 94, line 18). At the conclusion of the hearing, the PCR judge denied relief. On October 6, 2004, the PCR judge issued a written order of dismissal. (PCR App. pp. 169-177). Petitioner appealed.

Robert M. Pachak, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented Petitioner on appeal and filed a Johnson Petition for Writ of Certiorari in the Supreme Court of South Carolina on November 1, 2005, which raised the following issue:

> Whether there was any evidence to support the PCR judge's findings that petitioner knowingly and intelligently waived his right to a direct appeal?

(Johnson Cert. Pet., p. 2).

On or about December 16, 2005, Petitioner filed a Pro Se Brief of Petitioner and apparently raised the following additional claims:

> [1] Perjury of counsel/PCRltrial/deniai of direct appeal;

3

[2] Procedural history/preliminary hearing;

[3] Search warrant;

[4] Criminal acts of state agents;

[5] The Petitioner contends the PCR judge violated the Equal Protection Clause of the U.S. and State Constitutions. State v. Atterberry, 124 S.E. 648 (1923). Rules of Court have the force of law. Petitioner asks for protection from the criminal acts of these state agents acting under the color of law. S.C. Code § 17-27-80;

[6] Conflict of interest;

[7] Breach of contract and unknowing/ unintelligent plea;

[8] Subject matter jurisdiction;

[9] Issues not raised by PCR counsel pursuant to Rule 71.1D;

[10] Indictment for murder incorrect;

[11] Unknown consequences of plea;

[12] Unconstitutional sentence.

(December 16, 2005 Pro Se Brief).

On or about January 9, 2006, Petitioner filed another pro se document which appears to raise the same issues and arguments as previously submitted. Petitioner again supplemented his response on or about June 12, 2006. On January 4, 2007, the South Carolina Supreme Court denied the petition. The state court issued the remittitur on January 23, 2007.

Attached and incorporated by reference are the following documents:

1. PCR Appendix containing:

   a. March 18, 2002 Bond Hearing Transcript;

   b. July 22, 2002 Bond Hearing Transcript;

   c. October 7, 2002 Guilty Plea Transcript;

   d. October 20, 2003 Application for Post-conviction Relief;

   e. Return and Motion to Dismiss;
   f. Applicant's Response to Respondents Return and Motion to Dismiss, with Applicant's Request for a Hearing (with attachments);

   g. July 20, 2004 PCR Hearing Transcript;

   h. July 20, 2004 PCR Hearing Exhibits;

   i. Order of Dismissal;

   j. Sentencing Sheet (Voluntary Manslaughter);

   k. Arrest Warrant (murder);

   l. Indictment (murder);

   m. Sentencing Sheet (possession of weapon).

2. Johnson Petition for Writ of Certiorari;

3. December 16, 2005 Pro Se Brief of Petitioner;

4. January 9, 2006 Pro Se Brief of Petitioner;

5. June 12, 2006 Pro Se Supplemental Response;

6. January 4, 2007 South Carolina Supreme Court Order (denying petition);

7. January 23, 2007 Remittitur;

8. November 18, 2002 South Carolina Court of Appeals Order of Dismissal;

      9. Indictment 02-GS-16-720 (possession of weapon during the commission of certain crimes 16-23-490);

      10. 2003 PCR Application and attachments.

## GROUNDS FOR HABEAS RELIEF

In his pro se Petition for Writ of Habeas Corpus, Petitioner makes the following claims of error:

    Ground one:    Did Petitioner waive his right to a direct appeal.

    Ground two:    Involuntary Plea.

    Ground three:    Ineffective Assistance of Counsel.

    Ground four:    Incorperate [sic] by reference all allegation's [sic] at Attached appendix as verbatimly [sic] stated as grounds in support of relief:

(Habeas Petition, pp. 6-11).

On August 22, 2007, Respondent filed his motion for summary judgment. On August 27, 2007, Petitioner was provided a copy of the respondent's motion, and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On November 9, 2007, Petitioner filed an opposition to the motion. Hence, it appears consideration of the motion is appropriate.

6

## APPLICABLE LAW

STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action challenging the 1999 conviction. Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of
>
> rebutting the presumption of correctness by clear and convincing evidence.

## STATUTE OF LIMITATIONS

Additionally, Title 28, U.S.C., Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## **DISCUSSION**

A review of the record and relevant case law reveals that this petition was filed untimely and the petition should be dismissed on that basis.

On October 7, 2002, Petitioner pled guilty and was sentenced. He did not perfect an appeal. Therefore, Petitioner's state court convictions became final on October 17, 2002, the conclusion of the ten (10) day time period in which he could have timely brought an appeal as set forth in Rule 203(b)(2) of the S.C. Appellate Court Rules. (Resp. Ex. 8)(Order of

8

Dismissal of the South Carolina Court of Appeals noting that the Notice of Appeal was not filed.)

Petitioner did not file his first PCR action until October 20, 2003. (PCR App. p. 62). At that point, a total of three hundred and sixty-eight (368) days of time not tolled by the AEDPA statute had lapsed. That was three (3) days past the time he could have filed a timely habeas corpus petition. Petitioner did not file the instant action until February 28, 2007, well over three years beyond the AEDPA limitations period.

## CONCLUSION

Accordingly for the aforementioned reason, it is recommended that the respondents' summary judgment motion be granted and this matter dismissed as untimely.

Respectfully Submitted,

*Robert S Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

January 24, 2008